# United States District Court

_____WESTERN_____ DISTRICT OF _____NEW YORK_____

UNITED STATES OF AMERICA

v.

Daren BROOKS

**CRIMINAL COMPLAINT**

CASE NUMBER: 09-MJ- 674

*[Stamp: FILED NOV - 5 2009, MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY]*

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about October 30, 2009 in Chemung County, in the Western District of New York, defendant Daren BROOKS did knowingly, intentionally, and unlawfully possess with intent to distribute fifty (50) grams or more of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

I further state that I am a Special Agent of the Drug Enforcement Administration and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:    (✔) Yes    ( ) No

_____
JAMES SCHMITZ, DEA
Signature of Complainant

Sworn to before me and subscribed in my presence,

November 5, 2009                         at Rochester, New York
Date                                     City and State

HON. JONATHAN W. FELDMAN, U.S. Magistrate Judge     _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -V-

DAREN A. BROOKS,
    Defendant.

09-MJ- 674

AFFIDAVIT

State of New York)
County of Monroe) ss
City of Rochester)

JAMES SCHMITZ, being duly sworn, deposes and says:

1. I am a Special Agent (SA) with the United States Department of Justice, Drug Enforcement Administration (DEA), assigned to the New York Field Division, Rochester Resident Office. I am an "investigative or law enforcement officer" of the United State within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, Unites States Code, Section 2516(1).

2. I have been an agent with DEA since January, 2005, and initially received sixteen weeks of specialized training in narcotics investigations at the DEA training academy located in Quantico, Virginia. I have been assigned to the Rochester,

New York Resident Office since July, 2005. Since that time, I have participated in numerous cases involving the distribution of various drugs including marijuana, cocaine, crack cocaine, and heroin. My participation in these cases has included, but is not limited to, the monitoring and recording of court-authorized Title III interceptions; execution of search warrants; direction of confidential sources; and the debriefing of defendants and others involved in the distribution and consumption of illegal drugs. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York.

3. This affidavit is submitted in support of a criminal complaint charging DAREN A. BROOKS with a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A) (possession with intent to distribute 50 grams or more of cocaine base).

4. The information in this affidavit is based upon personal knowledge obtained through your affiant's participation in this investigation, as well as information and belief, the source being reports and information from other law enforcement officers and agents, and the results of search warrants executed.

### COCAINE TRAFFICKING OF DAREN BROOKS

5. In July 2009, an investigation into the crack cocaine trafficking of DAREN A. BROOKS was initiated by the Drug Enforcement Unit of the Elmira Police

Department (EPD) and assisted by the New York State Police Community Narcotics Enforcement Team (CNET).

6. During this investigation, law enforcement utilized confidential informant controlled purchases, surveillance, a trash pull, and search warrants. Some of the evidence obtained as a result of the investigation is provided below.

7. Between July 2009 and October 2009, a confidential informant made controlled purchases of 8-ball quantities of crack cocaine from BROOKS on four (4) separate dates. The exact dates and amounts purchased are being withheld to protect the identity of the confidential informant.

8. On October 28, 2009, Sgt. Bresser of the Elmira Police Department conducted a trash pull at 515 College Avenue, a single-family home in Elmira which is BROOKS' residence. Sgt. Bresser inspected two bags of garbage which were retrieved from the curb in front of the residence. In the garbage, Sgt. Bresser observed numerous items of personal mail, bills, and advertisements with the name Daren A. Brooks and addressed to 515 College Ave, Elmira, NY 14901.

9. On October 30, 2009 at approximately 5:45 a.m., officers of the Elmira Police Department and members of the New York State Police executed a New York State no-knock search warrant at 515 College Avenue. Upon entry, officers observed a male subject, later identified as Daren A. BROOKS, exit the bedroom located at the top of the stairs, and he was taken into custody. In the same

bedroom, officers located 18 year-old Tara Abraham still lying on the bed. Officers secured an elderly female, later identified as BROOKS's 60 year-old grandmother Lottie Williams, as she exited the bathroom upstairs. Downstairs, officers located the owner of the residence, 75 year-old Ella Thomas. No other occupants were observed in the residence.

10. During the search of the bedroom BROOKS exited, officers observed/seized numerous items of evidence including the following:

   - a plastic bag containing eleven (11) individually-wrapped baggies of suspected crack cocaine, a plastic bag containing four (4) individually-wrapped baggies of suspected crack cocaine, and a plastic bag containing marijuana, all located in a pair of Men's Timberland boots, size 10.5 found under the bed.

   - a plastic bag containing three (3) smaller baggies, each containing 10 individually-wrapped baggies of suspected crack cocaine located in a blue tote.

   - various documents (including receipts and mail) addressed to Daren Brooks at 515 College Ave. Elmira, NY located in a plastic bag hanging on the bedroom door knob.

   - three (3) cellular telephones, including a Blackberry.

   - a wallet, a New York State benefit card in the name of Daren Brooks, and $500 inside a black date book on top of the dresser.

11. NYSP Inv. Gotschall conducted a field test on one piece of the suspected crack cocaine. This field test did indicate positive for the presence of cocaine. The suspected crack cocaine was all in rock-like form, which is consistent with the

4

appearance of cocaine base, or crack cocaine. The gross weight of the crack cocaine recovered in the bedroom was approximately 124 grams.

### BROOKS' CRIMINAL HISTORY

12. A review of BROOKS's criminal history reveals, among other things, that BROOKS has the following two felony drug convictions:

   - On March 5, 1992, BROOKS pled guilty in U.S. District Court for the Western District of New York to Conspiracy to Possess with Intent to Distribute and Distribute Cocaine for which he was sentenced to 138 months imprisonment and 5 years supervised release. BROOKS began serving his supervised release period in 2000.

   - On October 20, 2003, BROOKS was convicted after trial in Chemung County Court of Criminal Possession of a Controlled Substance in the Third Degree for which he was sentenced to 5-10 years imprisonment. BROOKS was released to N.Y.S. Division of Parole on April 11, 2007 and discharged from New York State Parole on April 11, 2009.

### CONCLUSION

13. Given BROOKS' prior convictions, his recent sales of cocaine, the number of packages of crack cocaine (45), the individually-wrapped manner in which they were packaged, the aggregate weight of these substances, and my training and experience, I believe that the crack cocaine seized from BROOKS' bedroom at 515 College Avenue was packaged for future distribution.

14. Based upon the foregoing, your affiant respectfully submits probable cause exists that Daren BROOKS did knowingly and intentionally possess with intent to

distribute 50 grams or more of cocaine base in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

James Schmitz
Special Agent
Drug Enforcement Administration

Sworn to before me this
5th day of November, 2009.

Honorable Jonathan W. Feldman
United States Magistrate Judge

6