**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

 v.

**DAREN A. BROOKS,**

    Defendant.

REPORT AND
RECOMMENDATION
10-CR-6127(CJS)

Currently before the Court is a motion (Docket #19) by the defendant Daren Brooks (hereinafter Brooks or defendant) to (1) determine that he is entitled to the retroactive benefit of the Fair Sentencing Act ("FSA") and (2) to suppress evidence seized from a search of 515 College Avenue in Elmira New York. This brief Report and Recommendation is intended only to confirm the rulings made on the record during argument of Brooks's omnibus motions on January 31, 2011.

FSA: The defendant's motion for this Court to determine that the FSA's modification of the threshold quantities of cocaine base applies to this prosecution is denied. As stated during the hearing, Brooks's retroactivity arguments have been rejected by the Second Circuit (see United States v. Glover, No. 09-1725-cr, 2010 WL 4250060 (2d Cir. Oct. 27, 2010) and Judge Siragusa, the trial judge assigned to this case (see United States v. Elam, 10 CR 6078 (W.D.N.Y. Jan. 27, 2011). To the extent defense counsel needs to

preserve his arguments for any appeal or determination by Judge Siragusa, he may do so by filing objections to this Report and Recommendation.

Suppression of Physical Evidence: On October 29, 2009, a local search warrant was executed at 515 College Avenue in the City of Elmira, New York. Brooks claims that the warrant was lacking probable cause because there was a lack of evidence "linking" the residence to criminal activity. As discussed during the hearing, the warrant application (annexed to both the government and the defendant's motion papers) supplied ample probable cause to connect 515 College Avenue to illegal narcotics activity. Specifically, the affidavit of Sergeant Bressler described a sworn statement from a confidential informant who had proven to be reliable (CI#2). CI#2 stated that on October 21, 2009 he/she observed Brooks in possession of approximately 30 grams of crack cocaine packaged for sale in 1/8 ounce increments *while with Brooks at the defendant's residence located at 515 College Avenue*.

Moreover, even assuming for the sake of argument that the warrant application was not supported by probable cause linking the premises to drug activity, "suppression of evidence obtained pursuant to a search warrant is an appropriate remedy only if law enforcement's reliance upon the search warrant was objectively unreasonable, i.e., the officer lacked 'objective good faith' in the validity of the warrant." United States v. Miles, No.

2

05-CR-59A, 2006 WL 2403464, at *5 (W.D.N.Y. Aug. 18, 2006). Here, there simply is no basis for this Court to find anything other than that the officers had an objective good faith basis to rely on the search warrant I issued. <u>United States v. Leon</u>, 468 U.S. 897 (1984). Accordingly, the remedy of suppression is not warranted.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that both of Brooks's motions should be **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: February 4, 2011
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Government and the Defendant.
**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: February 4, 2011
Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. §3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the 14 days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).

4