IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>Daren A Brooks,<br>    Defendant, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Docket No. 6:cr-06127-CJS |

**MOTION TO MODIFY SENTENCE PURSUANT TO**
**TITLE 18 U.S.C.§3582(c)(2) OF THE UNITED**
**STATES FEDERAL SENTENCING GUIDELINES**

I.
INTRODUCTION

COMES NOW, Daren A. Brooks (hereinafter defendant) and respectfully moves this Honorable Court for a sentence reduction pursuant to Title 18 U.S.C. Section §3582(c)(2); to reflect that of the United States Sentencing Commission's Retroactive Amendment 782 for Drug Offenses.

II.
JURISDICTION

This Court has proper jurisdiction to entertain and rule on a defendant's motion pursuant to 18 U.S.C.§3582(c)(2), which allows the District Court to modify a term of imprisonment based on a subsequent amendment to the United States Sentencing Guidelines. Title 18 U.S.C.§3582(c)(2) states in relevant part:

> (C)**Modification of an Imposed Term Of Imprisonment.**
> The Court may not modify a term of imprisonment once it has been imposed except that;
>
> (C)(2)in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.§994(o), upon motion by the defendant....the Court may reduce the term of imprisonment, after considering the factors set forth in section §3553(a) to the extent that they are applicable, if such a reduction

(1)

is consistent with applicable policy statements
issued by the Sentencing Commission.

## III.
## SUMMARY OF THE PROCEDURAL HISTORY

Defendant was charged in a one count indictment with possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base.

On July 29,2011 defendant appeared in the District Court in order to plead guilty to the indictment without having entered into a plea agreement with the government. The Court reviewed the possible sentence with defendant noting that, if the Court found that he has prior drug felony convictions, as set forth in the §851 informations filed by the government, the Court would be required to impose a life sentence term of imprisonment.

Sentencing was held in abeyance pending the Supreme Court's decision in **Dorsey v. United Satets**,132 S.Ct.2321(2012) decided on June 21,2012. Following **Dorsey**, despite the two prior felony convictions, defendant faced a mandatory minimum of ten years imprisonment because he could now benefit from the amendments to the crack cocaine statutes occasioned by the Fair Sentencing Act of 2010. ("FSA").

Therefore, the Probation Department prepared an initial PSR- which was amended upon notice by the Government that despite the reductions to the offense levels applicable to crack cocaine offenses in the 2011 U.S. Sentencing Guidelines Manual, that the Manual in effect at the time of Brook's offense, that is, the 2008 Manual afforded Brooks a more lenient advisory guideline calculation.

(See PSR, p.1, and A79). According to the amended PSR, although Brook's base offense level was 36 under the 2008 Manual (whereas it was 34 under the 2011 Manual), the 2011 manual also included upward adjustments from the base level of 34 for certain applicable special offense characteristics which would have raised his total offense level to 38, despite the two-level decrease for acceptance of responsibility. (PSR ¶¶32-41 and A91-93). Under the 2008 Manual, Brook's total offense level was 36. (PSR ¶41).

Subsequently, in a Sentencing Memorandum submitted on September 28,2012, defendant agreed that the 2008 Manual should be applied given the more lenient advisory Sentencing Guidelines range it rendered.(A69). Defendant posited, however, that in determining the base offense level, the District Court should turn to the Drug Quantity Table of the 2011 Manual.(A 69-75). Defendant argued that the exception to the "one-book rule" (USSG § 1B1.11(b)(2)) applies because Amendments 748 and 750 to the Sentencing Guidelines, which were enacted to conform the Sentencing Guidelines to the crack cocaine statutes, were merely clarified and not substantive amendments, and given the two-level benefit that would be derived, the District Court should apply them.(Id.).

The government responded that the 2008 Manual should be used in its entirety and that defendant should not be permitted to pick and choose among the most advantageous guidelines between the two books. (A 79-83). Responding to the argument that the 2011 amendments to the Drug Quantity Table represented a clarification rather than a substantive change, the Government, quoting in part from the statement of reasons for Amendment 748, noted that it was enacted explic-

itly "to account for the changes in the statutory penalties made in section 2 of the [Fair Sentencing] Act," and to "conform[] the guideline penalty structure for crack cocaine" "to account for those statutory changes."

On October 11, 2012, the District Court sentenced defendant to 300 months imprisonment. In doing so, the District Court adopted the PSR, applied the 2008 Manual in its entirety, and calculated a total offense level of 36 months for possessing at least 1.5 Kilograms but less than 4.5 Kilograms of cocaine base. The base offense level was increased by two levels for his role in the offense, pursuant to §3B1.1(c), giving defendant an adjusted offense level of 38; his offense level was then reduced by two levels for acceptance of responsibility in accordance §3E1.1(a), giving him a total offense level of 36 and a criminal history category IV; with a corresponding advisory Sentencing Guideline range of 262-327 months.

After considering the §3553(a) factors the District Court sentenced defendant to a term of 300 months.

## IV.

### THIS COURT HAS DISCRETION TO RE-SENTENCE THE DEFENDANT UNDER TITLE 18 U.S.C. §3582(c)(2)

On July 18, 2014 the United States Sentencing Commission voted unanimously to make Amendment 782, which reduces the sentencing

guideline levels applicable to most Federal Drug Trafficking offenders retroactive, effective November 1,2014.

In doing so, the Commission voted to amend the guidelines to lower the base offense levels in the Drug Quantity Table across drug types, which mean lower sentences for most drug offenders going forward. The Commission also decided that judges could extend that reduction to offenders currently in prison, but with a requirement that reduced sentences cannot take effect until November 1, 2015. Under the guidelines, no offender would be released unless a judge reviews the case to determine whether a reduced sentence poses a risk to public safety and is otherwise appropriate.

Congress had until November 1,2014 to disapprove the amendment to reduce drug guidelines. Since Congress chose to let the guideline reductions stand, courts may now begin considering petitions from prisoners for sentence reductions, but no prisoners could be released pursuant to those reductions before November 1,2015.

The amendment the Commission approved in April, which was supported by the Department of Justice, the Judicial Conference, and many others, generally reduces by two levels the base offense levels for all drug type in the Drug Quantity Table in guideline §2D1.1, which governs drug trafficking cases.

**AMENDMENT: RETROACTIVITY OF AMENDMENT 782**
**Reason for Amendment:** This amendment expands the listing in §1B1.10(d) to implement the directive in 28 U.S.C.§944(u) with respect to guideline amendments that may be considered for retroactive application. The Commission has determined that Amendment 782, subject to the limitation in new §1B1.10(e) delaying the effective date of sentence

reduction orders until November 1,2015, should be applied retroactively.

Amendment 782 reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in §2D1.1, and made parallel changes to §2D1.11. Under the applicable standards set forth in the background commentary to §1B1.10, the Commission considers the following factors, among others:(1) the purpose of the amendment, (2)the magnitude of the change in the guideline range made by the amendment, and (3)the difficulty of applying the amendment retroactively. See §1B1.10, comment(backg'd). Applying those standards to Amendment 782, the Commission determined that, among other factors:

(1) The purpose of the amendment are to reflect the Commission's determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step towards alleviating the overcapacity of the Federal prisons. See 28 U.S.C.§944(g) (requiring the Commission to formulate guidelines to "minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons").

(2) The number of cases potentially involved is larger, and the magnitude in the change in the guideline range is significant. The Commission determined that an estimated 46,000 offenders may benefit from retroactive application of Amendment 782 subject to the limitation in §1B1.10(e), and the average sentence reduction would be approximately 18 percent.

(3) The administrative burdens of applying Amendment 782 retroactively are significant but manageable given the one-year delay in the effective date, which allows courts and agencies more time to prepare. This determination was informed by testimony at the Commission's June 10,2014 public hearing on retroactivity and by other public comment received by the Commission.

Therefore, the Commission added a Special Instruction at subsection(e) providing that a reduced term of imprisonment based on retroactive application of Amendment 782 shall not be ordered unless the effective date of the Court's order is November 1,2015, or later. An application note clarifies that this special instruction does not preclude the Court from conducting sentence reduction proceedings before November 1,2015, as long as any order reducing the defendants term of imprisonment has an effective date of November 1,2015 or later. As a result, offenders cannot be released from custody pursuant to retroactive application of Amendment 782 before November 1,2015.

# V.
# DISCUSSION

**§1B1.10.** **Reduction in Term of Imprisonment as a Result of Amended Guideline Range**(Policy Statement)

(a)Authority.-
(1) <u>In General</u>.- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection(d) below, the Court may reduce the defendant's term of imprisonment as provided by 18 U.S.C.§3582(c)(2). As required by 18 U.S.C.§3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusion</u>.- A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C.§3582(c)(2) if-

   (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
   (2) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitations</u>.- Consistent with subsection(b), proceedings under 18 U.S.C.§3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

**1. Application Notes:**
  **1. Application of Subsection(a).-**
   (A) <u>Eligibility</u> -Eligibility for consideration under 18 U.S.C.§3582 (c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range(<u>i.e.</u>,the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provisions in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C.§3582(c)(2) and is not consistent with this policy statement if:(i)none of the amendments listed in subsection(d) is applicable to the defendant; or(ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g.,a statutory mandatory minimum term of imprisonment).

(b) <u>Determination of Reduction In Term Of Imprisonment.</u>-

    (1) <u>In General</u>.- Indetermining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C.§3582(c)(2) and this policy statement is warranted, **the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection(d) had been in effect at the time the defendant was sentenced.** In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

This Court may consider all pertinent information applying Section §3553(a) factors and in determining whether and by how much to reduce defendant's sentence. In particular, the Court must consider the public safety considerations, and may consider information regarding the post-sentencing conduct of the defendant.

2. (B) (ii) <u>Public Safety Consideration</u>.- The Court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in dertermining:
(I)whether such a reduction is warranted; and
(II)the extent of such reduction, but only within the limits described in subsection (b).

    (iii) <u>Post-Sentencing Conduct</u>.-The Court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining:
(I)whether a reduction in the defendant's term of imprisonment is warranted; and (II)the extent of such reduction, but only within the limits described in subsection (b).

In this case, Amendment 782 would now result in a lower offense level under the Sentencing Guidelines. In utilizing subsection 1B1.10(b)(1) which states:

> "In determining whether, and to what extent a reduction in the defendant's term of imprisonment.....the Court shall determine the amended guidelines range that would have been applicable to the defendant if the Amendment(s) to the guideline listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination the Court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when defendant was sentenced......Id.

As set forth above, because defendant's base offense level was 36 and Criminal History Category IV, defendant's applicable guideline range was 262 to 327 months imprisonment for possessing at least 1.5 Kilograms but less than 4.5 Kilograms of cocaine base. The Court sentenced defendant to 300 months imprisonment.

Under Amendment 782 defendant's Base Offense Level would decrease from level 36 to level 32 for being held accountable for 1770.79 grams of crack cocaine(see Exhibit 1, pgs.40-42) which corresponds with the new Drug Quantity Table between 840 grams and 2.8 Kilograms of cocaine base with the Criminal History Category remaining IV, defendant's new guideline range would now be 168 to 210 months imprisonment.

Because defendant's guideline has now changed, this Court possesses jurisdiction and discretionary power to reduce defendant's sentence retroactively.

Accordingly, defendant respectfully prays that this Honorable

Court resentence him at the low end of the new guideline, which is 168 months imprisonment and in accordance with Amendment 782; reflecting the Sentencing Commission's determination that setting the Base Offense Level above Mandatory Minimum Penalties are no longer necessary and that a reduction would be an appropriate step toward alleviating the over capacity of federal Prisons.

VI.

**REQUEST FOR APPOINTMENT OF COUNSEL**

According to the Commission, in determining whether a reduction is warranted at all, and the extent of such reduction, the court "shall consider" the §3553(a) factors, "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment,' and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." see Amendment §1B1.10, comment(n.1(B)(i)-(iii). Thus, even the courts that decide to strictly follow the policy statement must make three separate factual determinations in addition to those made at the initial sentencing. In any situation where new facts have to be marshaled and new arguments have to be made in aid of the court's sentencing decision, the Sixth Amendment requires the assistance of counsel. see **Mempa v. Rhay,** 389 U.S.128(1967). In Mempa, the Supreme Court held that the right to counsel attaches to any stage of a criminal proceeding where substantial rights of the defendant may be afforded, including a probation revocation hearing. In so holding, the Court rejected the state's argument that Washington's probation revocation hearing was not a "sentencing" at which the right to counsel should attach. The state argued that because the initial

sentencing occurred long before any revocation was "a mere formality" at which the court exercised very little discretion under the state statute, counsel was constitutionally unnecessary. see Id. at 135. The Court acknowledged that the state statute required the judge to impose the maximum sentence for the offense of which he was convicted, so the judge had no discretion as to sentence imposed. However, the judge and prosecutor were to recommend to the Parole Board the length of the sentence to be served, along with information about the circumstances of the offense and the character of the defendant. "Obviously to the extent such recommendations are influential in determining the resulting sentence, the necessity or the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." Id. After **Booker** and amended §1B1.10, **Mempa** requires counsel in §3582(c)(2) resentencings.

First there is no question that in a §3582(c)(2) proceeding as **Mempa**, defense counsel is necessary to aid in calculating the revised guideline range, marshal the facts and evidence that pertain to the applicable §3553(a) factors, defend against any allegation that the public safety or post-sentence conduct should result in a denial of the reduction or a lesser reduction, and assist the defendant in presenting his motion. see **Mempa** at 135. Even if a court does not permit the defendant to argue for more than a two-level reduction, he will still have to marshal new fact based arguments to use to defend against the three matters listed in Note 1(B) of revised §1B1 10. Thus, **Mempa** requires counsel.

Second, as in **Mempa**, important legal rights must be raised at the §3582(c)(2) hearing or they will be lost. see **Mempa**,389 U.S.at 135. Included is the right to appeal the sentence imposed, and rights that must be raised, litigated and, if necessary, preserved, such as the right to be resentenced under an advisory guideline system.

At the very least, the appointment of counsel will guarantee a smoother process for the §3582(c)(2) re-sentencing. With the appointment of counsel there is the increased likelihood of arriving at a negotiated settlement, since the government cannot negotiate directly with a defendant. Furthermore, the Department of Justice's major concern in granting retroactivity was the institutional burden on the courts. If the department is truly concerned about minimizing that burden and encouraging the efficient resolution of drug resentencings, the best way to do that is to appoint counsel. see **Halbert v. Michigan**,545 U.S.605,623 n.6("No one questions.....that the appointment of appellate counsel at state expense would be more efficient and helpful not only to defendants, but also to the appellate court's.")(Citation and internal punctuation omitted).

The absence of counsel risks constitutional error. The Supreme Court has long recognized the key due process role that defense counsel plays in ensuring the accuracy and reliability of sentencing proceedings. In **Gideon v. Wainwright**,372 U.S.335,83 S.Ct.792, 9 L.Ed.2d 799(1963)(quoting **Townsend v. Burke**,334 U.S.736(1948)), that even though due process did not generally require the state to provide counsel when accepting a guilty plea and imposing sentence in a non-capitol case, the absence of counsel did violate

due process when the defendant was sentenced on the basis of assumptions concerning his criminal record that were materially untrue. The Court made clear that because counsel could have corrected the errors on which the defendant was sentenced, the absence of counsel made the constitutional difference: "In this case, counsel might not have changed the sentence, but he could have taken steps to see that the conviction and sentence were not predicated on misinformation or misreading of court records, a requirement of fair play which absence of counsel withheld from this prisoner." Id.at 741. The same is true here, where defense counsel will raise and correct errors in reading the record, applying the guideline, or other errors that may otherwise go unnoticed.

With an average of over five years at stake, and no countervailing legitimate interest in a sloppy and incomplete presentation, the balance of interests requires counsel. Whether required as a matter of right under **Mempa** or merely advisable in the interest of fairness and efficiency, to ensure an accurate basis for the sentence as required by **Townsend**, and to ensure that indigent defendants are not otherwise denied due process and equal protection of the laws, this Court should appoint counsel for this indigent defendant who is arguably eligible for a sentence reduction under §3582(c)(2).

For all the foregoing reasons defendant hopes and prays that this Honorable Court grant the relief sought.

Respectfully Submitted

*/s/ Daren A. Brooks*
Daren A. Brooks
Reg. No.03839-055
F.C.I. McKean
Post Office Box 8000
Bradford, PA 16701

4/7/15